UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES S. FELKNOR | CIVIL ACTION NO. 10-1399 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES OF AMERICA, ET AL. | MAG. JUDGE KAREN L. HAYES |

**RULING**

Pending before the Court are a Motion to Appoint Counsel [Doc. No. 5] filed by Plaintiff James S. Felknor ("Felknor").

Felknor has filed eight civil rights complaints in the Western District of Louisiana in the last few months. *See* [Doc. No. 3]. The Court has determined that, in each of the cases, including this one, Felknor has failed to present legally viable claims.

On July 13, 2010, in another lawsuit filed by Felknor, Civil Action No. 10-1020, the Court issued a Judgment advising Felknor that "the Clerk of Court [will] decline to file any civil complaint submitted by [him] unless the complaint has first been presented to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." *See* [Doc. No. 2].

On September 8, 2010, Felknor presented the Complaint in this matter to the Clerk of Court without paying the filing fees of the Court or submitting a motion to proceed *in forma pauperis*. Felknor alleged civil rights violations by Defendants the United States of America, the Department of Veterans Affairs, and the Overton Brooks VA Medical Center. Based on the Court's previous Judgment, the Clerk of Court referred the Complaint to this Court for review.

After review, the Court issued an order on October 6, 2010. [Doc. No. 3]. The Court determined that Felknor appeared to contest the denial of his veterans' benefits. However, under 38 U.S.C. §511(a), federal courts lack the authority to review Veteran Administration decisions regarding individual benefit claims. Having determined that it lacked subject matter jurisdiction to review Felknor's Complaint, the Court dismissed Felknor's Complaint.

In response to the Court's October 6, 2010 Order, Felknor filed his Motion to Appoint Counsel. As the Fifth Circuit explained in *Jackson v. Dallas Police Dep't*, 811 F.2d 260 (5th Cir.1986),

> [t]here is no automatic right to the appointment of counsel in a section 1983 case. *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625-26 (5th Cir.1981). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). "The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it." Id. at 266 (footnote omitted).
>
> . . . In *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982), we laid out four factors that a district court should consider in ruling on requests for appointed counsel:
>
> (1)   the type and complexity of the case;
>
> (2)   whether the indigent is capable of adequately presenting his case;
>
> (3)   whether the indigent is in a position to investigate adequately the case; and
>
> (4)   whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.
>
> *Id.* at 213 (citations omitted). The court should also consider whether appointed counsel **would aid in the efficient and equitable disposition of the case**. *Id.*

*Jackson*, 811 F.2d at 261-62 (emphasis added).

Felknor has been able to investigate and articulate his claims to the Court in this and his

2

other cases. His allegations and claims do not appear to be complex; rather, they are claims over which this Court lacks jurisdiction. Appointment of counsel would not aid in efficient and equitable disposition because Felknor's appeal is not subject to review by this Court. Finally, to the extent that Felknor contends that he is entitled to appointment of counsel merely because his eight Complaints have been dismissed, his argument is frivolous. Felknor has failed to present the exceptional circumstances necessary to support appointment of counsel. Therefore, his Motion to Appoint Counsel is DENIED.

    MONROE, LOUISIANA, this 22nd day of October, 2010.

                                              ROBERT G. JAMES
                                              UNITED STATES DISTRICT JUDGE